```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

STEPHEN DAWSON,
NEIL WILLIAMS,
ROBERT FISHER, and
MICHAEL MOTTO,

    Plaintiffs,

v.                            Case No. 2:08-cv-00964

KATHERYN TOLER, Lead Teacher,
West Virginia Department of
Education at Mount Olive
Correction Complex, in her
individual capacity,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiffs have jointly filed a Complaint under 42 U.S.C. § 1983 (docket # 5) and four individual Applications to Proceed Without Prepayment of Fees (## 1-4). They allege that they have been inappropriately terminated from their teaching positions at Mount Olive Correctional Complex. This case is assigned to the Honorable John T. Copenhaver, Jr., District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1968-69 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65.

Each of the plaintiffs has a section of the Complaint with a detailed recitation of his particular allegations concerning his treatment by defendant Toler. The plaintiffs collectively seek the following relief:

- Compensatory damages, reinstatement, and back pay reimbursement at the rate of $65.00/month

- Punitive damages of $1,000.00 for each plaintiff
- Reimbursement from loss of employment and for attorney fees, postage, and aggravation of $1,000.00, with Defendant to pay all court costs and fees
- Reimbursement by Defendant of Plaintiffs' cost of filing.

(Complaint, # 5, at 28.)  Plaintiff Fisher asks that Defendant be placed on forced retirement and not permitted to work in a correctional facility.  Id.  Plaintiff Williams seeks a formal apology for defamation and slander of his character by Defendant. Id.

A claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. Plaintiffs are unable to satisfy the first essential element required to sustain a § 1983 claim because their constitutional rights have not been violated.

Although the Fourteenth Amendment of the United States Constitution prohibits a State from depriving "any person of life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined are significantly reduced for the period of incarceration.  See U.S. Const. amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).  The fact of conviction and imprisonment implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d

3

at 343.  Nevertheless, "confinement to prison does not strip a prisoner of all liberty interests."  Id.  Such interests, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to a protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995)(internal citations omitted).

It is well settled that prisoners have no constitutionally protected right to any particular work assignment.  See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978)(per curiam)("[T]he classifications and work assignments of prisoners . . . are matters of prison administration, within the discretion of the prison administrators...."); Bulgar v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995)(noting that "courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest"); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986)(per curiam)(prisoners have no constitutional liberty or property interest in prison employment); Adams v. James, 784 F.2d 1077-1079 (11th Cir. 1986)(prisoners have no constitutional right to maintain a particular job).

Based on the foregoing, the undersigned proposes that the presiding District Judge **FIND** that Plaintiffs have failed to state

a claim upon which relief can be granted in that none of them has a constitutional right to a particular prison job assignment. It is respectfully **RECOMMENDED** that the Applications to Proceed without Prepayment of Fees and Costs (## 1-4) be denied, and that this case be dismissed with prejudice.

Plaintiffs are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and this

Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to each plaintiff.

   August 13, 2008
        Date

Mary E. Stanley
United States Magistrate Judge